**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

MARCELL A. BRYAN,

      **Plaintiff,**                                 CASE NO. 0:21-cv-60008

v.                                              JURY TRIAL DEMANDED

RAPID AUTO LOANS, LLC,

      **Defendant.**

_____/

## COMPLAINT

NOW comes MARCELL A. BRYAN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of RAPID AUTO LOANS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Pompano Beach, Florida, which is within the Southern District of Florida.

**PARTIES**

4. Plaintiff is a natural person and a consumer over 18 years-of-age.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering loans and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of Florida. Defendant is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 911 E. Atlantic Blvd., #101, Pompano Beach, Florida 33060.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Prior to the conduct-giving rise to Plaintiff's claims, Plaintiff obtained a personal loan from Defendant to finance the purchase of his personal automobile ("subject automobile").

10. Due to financial hardships, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around April 2020, Plaintiff began receiving calls to his cellular phone, (813) XXX-3258, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3258. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (954) 960-3836, (954) 960-3834, (954) 960-3832, (354) 396-3820, (954) 960-3823, (954) 960-3835, (407) 638-8911, (954) 960-3824, (786) 699-6410, (754) 238-5003, (954) 960-3826, (352) 254-3313, and (754) 225-7112.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

15. During answered calls, Plaintiff has been subjected to a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

16. Additionally, Defendant has sent Plaintiff threatening pre-recorded text messages to attempt to collect upon the subject debt.

17. Plaintiff, through his contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

18. Upon speaking to Defendant, Plaintiff explained his financial situation and requested that Defendant cease contacting him.

19. Defendant willfully ignored Plaintiff's request and continued placing phone calls and text messages to Plaintiff's cellular phone.

20. Plaintiff has reiterated his desire to not receive further phone calls on numerous occasions.

21. Despite Plaintiff's efforts, Defendant has continued to regularly call and send pre-recorded text messages to Plaintiff's cellular phone up until the filing of this lawsuit.

22. Plaintiff has received dozens of phone calls and pre-recorded text messages from Defendant since asking it to stop calling.

23. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in exhausting time and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

29. Defendant also used pre-recorded text messages when contacting Plaintiff's cellular phone, thus bringing its conduct within the ambit of the TCPA.

30. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

31. Defendant violated the TCPA by placing repeated and persistent phone calls to Plaintiff's cellular phone using an ATDS and/or pre-recorded text messages without his consent. Any consent that Defendant may have had to contact Plaintiff through means of an ATDS and/or pre-recorded messages was specifically revoked by his demands that Defendant cease contacting him.

32. The text messages and calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call and text message. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of his demands to cease contacting him, Defendant unlawfully continued placing unwanted collection calls and text messages to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request and information, but knowingly and intentionally continued to place numerous calls and text messages to his cellular phone.

WHEREFORE, Plaintiff, MARCELL A. BRYAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

  d. Enjoining Defendant from further contacting Plaintiff; and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

36. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

37. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

  a. **Violations of FCCPA § 559.72(7)**

38. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

39. Defendant violated section 559.72(7) of the FCCPA when it repeatedly placed calls and text messages to Plaintiff after being notified to stop. Defendant called Plaintiff numerous of times after he demanded that it stop calling. This repeated behavior of systematically calling and texting Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls and text messages shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

40. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

WHEREFORE, Plaintiff, MARCELL A. BRYAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: January 4, 2021                                        Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com